No. 14,749.

SCOTT ET AL. *v.* MCCLAIN.

(102 P. [2d] 470)

Decided April 1, 1940.   Rehearing denied May 6, 1940.

Mr. E. V. HOLLAND, Mr. HARRY A. KING, for plaintiffs in error.

Mr. J. I. HOLLINGSWORTH, for defendant in error.

*In Department.*

MR. JUSTICE OTTO BOCK delivered the opinion of the court.

DEFENDANT in error filed complaint against plaintiffs in error, alleging fraud and seeking equitable relief. The parties are here in reverse order of their appearance in the trial court and are hereinafter designated as there.

Defendants Lincoln R. and Minnie K. Scott separately demurred to the complaint on the ground of insufficient facts to constitute a cause of action. These demurrers were overruled. Defendants answered, and the court, after trial, found the issues in favor of plaintiff and entered judgment accordingly. Defendants assign error, seek reversal, and ask for a determination on application for supersedeas. We have decided to dispose of the case on the application.

While other errors are assigned, the only ones argued are predicated upon the court's action in overruling the demurrers. We regard the other assignments as without merit. It is the contention of defendants that no offer was contained in the complaint to do equity by restoring them to substantially the position which they occupied at the time the contract here involved was executed. The fraudulent representations are alleged to be: "That defendant Minnie K. Scott was the owner of a certain lease to that certain parking lot known as 1951 Stout street in the City and County of Denver and State of Colorado, and that said lease was in good standing and in full force and effect, and that the Loomis-Larsen Investment Company was the agent for the owner of said parking lot, that said lease was for a period of two years at the rate of eighty-five dollars ($85.00) per month payable in advance; that said defendant L. R. Scott was the agent for the said Minnie K. Scott; that the rent for the month of July 1936 was paid in full," whereas, as further alleged, the lease "was not in the

name of Minnie K. Scott but in the name of L. R. Scott; that said lease was not in good standing and in full force and effect but was on the 21st day of July 1936 in default." It also is alleged: "That the defendant L. R. Scott, for himself or for anyone else, failed and refused and continued to fail and refuse to place said lease in good standing by paying the balance of the rent due for the month of July 1936, or for the month of August 1936, and because of this wrong the said parking lot was on or about 4th day of November 1936 lost to this plaintiff and his entire business was brought to a close." Under these allegations, which, for the purposes of the demurrers, must be assumed to be true, plaintiff, having received nothing, had nothing to restore, because the lease, which was represented to be in full force and effect, was lost by the failure of defendants to place it in good standing by paying the balance of the rent which they represented had been done. The trial court found that the evidence sustained the allegations of the complaint. We also note, in passing, that the uncontradicted evidence in the case is that plaintiff never received the lease, and that the lessor refused to accept any payment from him on said lease until it had been placed in good standing by defendants. This, of course, has no bearing on the action of the trial court in overruling the demurrers, but is mentioned solely for the purpose of clarification of the allegations set up in the complaint and denied by the answers. The trial court committed no error in overruling the demurrers, and we are bound by its resolution of the fact issues.

In fairness to counsel for defendants here, we should say that they did not participate in the trial.

The judgment is affirmed.

MR. CHIEF JUSTICE HILLIARD and MR. JUSTICE YOUNG concur.